UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TENA DANOS, et al. | CIVIL ACTION
VERSUS | NO: 20-00847
HUNTINGTON INGALLS INCORPORATED, et al. | SECTION: T (1)

**ORDER**

Before the Court is a motion to remand to state court filed by Plaintiffs Tena Danos, Disia Danos, and Keela Thibodeaux (hereafter, "Plaintiffs"). [1] Defendants, the Avondale Interests, have filed an opposition.[2] Plaintiffs filed a reply in support of their motion.[3] With leave of Court, Defendants filed a sur-reply.[4] For the reasons set forth below, the Plaintiffs' motion to remand is DENIED.

FACTS AND PROCEDURAL HISTORY

On August 23, 2018, Plaintiffs filed suit in state court against multiple defendants, alleging that Decedent, Mr. James Joseph Danos, contracted and died from mesothelioma as a result of his occupational exposure to asbestos at Avondale Shipyards, and secondary bystander exposure to asbestos at or around his home in Marrero, Louisiana.[5] Plaintiffs have explicitly limited their claims against the Avondale Interests to those sounding in negligence based on Avondale's failure

[1] R. Doc. 14.
[2] R. Doc. 32. Huntington Ingalls Incorporated ("Avondale"), Albert L. Bossier, Jr., and Lamorak Insurance Company (collectively hereafter "the Avondale Interests").
[3] R. Doc. 37.
[4] R. Doc. 41.
[5] R. Doc. 1-2.

to adopt adequate asbestos safety measures that would have prevented the injuries on which their petition is premised.[6] On March 11, 2020, the Avondale Interests removed this case to federal court under 28 U.S.C. § 1442(a)(1), the Federal Officer Removal Statute.[7]

LAW and ANALYSIS

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[8] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[9] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[10]

Section 1442(a)(1) makes removable a civil action commenced in a state court against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office[.]"[11] "[T]he right of removal...is made absolute whenever a

---

[6] R. Doc. 1-2, p. 4.

[7] 28 U.S.C. § 1442(a)(1) provides as follows:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

[8] 28 U.S.C. § 1441.

[9] *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 212 (5th Cir. 2013) (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 722 (5th Cir. 2002)).

[10] *Manguno*, 276 F.3d at 723.

[11] 28 U.S.C. § 1442(a)(1), note 8, *supra*.

suit in a state court is for any act 'under color' of federal office, regardless of whether the suit could originally have been brought in a federal court."[12] Only a "colorable defense" under federal law is necessary to avoid remand, because one "need not win his case before he can have it removed."[13] "This policy should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." It is well-settled that the federal officer removal statute must be liberally construed, "resolving any factual disputes in favor of federal jurisdiction."[14]

Of relevance to the issues presented in the motion to remand, on February 24, 2020, the Fifth Circuit *en banc* overruled precedent imposing "a 'causal nexus' test after Congress amended section 1442(a)" in 2011, and clarified the standard required for a government contractor to remove a case pursuant to the federal officer removal statute as follows:

> [T]o remove under section 1442(a), a defendant must show (1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions.[15]

Within 30 days of the Fifth Circuit's ruling, on March 11, 2020, Avondale removed this action to the federal court.[16] Avondale asserts its Notice of Removal is timely because it was filed within thirty (30) days of Avondale's receipt of the copy of the Fifth Circuit's *en banc* order in *Latiolais* on February 24, 2020, which they maintain is the first "other paper" the Avondale

---

[12] *Willingham v. Morgan*, 395 U.S. 402, 406 (1969).
[13] *Id.* at 407.
[14] *Breaux v. Gulf Stream Coach, Inc.*, No. Civ. A. 08-893, 2009 WL 152109, p. 2 (E.D. La. Jan. 21, 2009) (citing *Louisiana v. Sparks*, 978 F.2d 226 (5th Cir. 1992)); *see also Landreaux v. Huntington Ingalls, Inc.*, No. Civ. A. 20-1208, 2021 WL 973616 (E.D. La. 3/16/2021).
[15] *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir, 2020), (internal quotation marks omitted).
[16] R. Doc. 1.

Interests received making Plaintiffs' negligence suit removable to federal court.[17] Avondale cited 28 U.S.C. § 1446(b)(3) and *Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263, 266-68 (5th Cir. 2001).

In their motion to remand, Plaintiffs assert this Court should remand the action to their chosen venue because (1) the Avondale Interests waived whatever right to remand they may once have had; (2) the Avondale Interests' excuse for failing to remove the action before the *en banc* decision *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286 (5th Cir, 2020) ,is demonstrably false; (3) even if it were not, the *en banc* decision is not "other paper" that would create a legitimate basis for the removal of this action; and (4) it is no "order" under Section 1446 (b)(3).[18] They point out that Avondale attempted to remove dozens of similar cases prior to the *Latiolais* decision.

    1. Federal Officer Removal

There is no real dispute, despite Plaintiffs' arguments in their reply, that under the test announced in *Latiolais*, this case is removable under Section 1442(a). The Avondale Interests have raised a number of affirmative defenses to Plaintiffs' claims, including, but not limited to: (1) government contractor immunity under *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988); (2) derivative sovereign immunity under *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940); and (3) immunity under the Longshore and Harbor Workers' Compensation Act (33 U.S.C. §§ 901, et seq.).[19] "[A]n asserted defense is colorable unless it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or 'wholly insubstantial and frivolous.'"[20]

---

[17] *Id.*, p. 4.
[18] R. Doc. 14-1.
[19] R. Doc. 1.
[20] *Latiolais*, 951 F.3d at 297 (quoting Zeringue v. Crane Co., 846 F.3d 785, 790 (5th Cir. 2017), otherwise overruled by *Latiolais*).

The Avondale Interests are persons under Section 1442. Further, Avondale asserts it was constructing Destroyer Escorts pursuant to contracts with the United States Navy. It argues that this satisfies the "acting under a federal officer's instructions" prong. Avondale also submits that Plaintiffs' negligence claims "relate to Avondale's actions under color of federal office" because the alleged negligence is connected to Avondale's installation and use of asbestos materials while constructing the federal vessels. It is well-settled in this district that Avondale has sufficiently asserted a colorable defense that is not wholly insubstantial or frivolous.[21] Accordingly, this Court finds that the *Latiolais* test has been satisfied.

2. Timeliness of Removal

The determinative issue here is whether Avondale's removal was timely. Removal under §1442(a)(1) is subject to the time limits set forth in 28 U.S.C. §1446(b).[22] Generally, a defendant must file the notice of removal within 30 days of receiving "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."[23] If the initial pleading is not removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[24] "'[T]he information supporting removal in a copy of an amended pleading, motion, order or other paper' under § 1446(b)(3) 'must be unequivocally clear and certain to start the time limit running.'"[25]

---

[21] *E.g., Landreaux v. Huntington Ingalls, Inc.*, No. 20-1208, 2021 WL 973616 (E.D. La. March 16, 2021).

[22] *See Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 607 (5th Cir. 2018).

[23] 28 U.S.C. §1446(b)(1).

[24] *Id.* §1446(b)(3).

[25] *Morgan*, 879 F.3d at 608–09 (quoting *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002)) (alteration in original, footnote omitted).

Plaintiffs argue that the Avondale Interests waived whatever right to removal they may once have had by failing to remove this case in 2018, when they received citation of the petition, and then through their subsequent actions in the state forum.[26] Plaintiffs next argue that the Avondale Interests' excuse for failing to remove the action timely is demonstrably false and revealing of a forfeiture of their ability to remove this action.[27] Plaintiffs contend that, even if the Avondale Interests did not waive or forfeit their ability to remove long before their removal action, the *Latiolais en banc* decision by the Fifth Circuit Court of Appeals decision is not the "other paper" Avondale Interests need it to be to create a legitimate basis for the removal, nor is it an "order" under 28 U.S.C. § 1446(b)(3).[28]

Courts have held that "court decisions in unrelated cases not to constitute 'orders' or 'other papers' under § 1446(b) and not to be grounds for removal."[29] In *Green*, however, the Fifth Circuit recognized a narrow exception to this rule, holding that an opinion in another case can be an "order" for purposes of §1446(b) removal when it involves the same defendants, a similar factual situation, and the resolution of a similar legal issue that has the effect of making the case removable.[30] The plaintiffs in *Green* had sued several tobacco manufacturers and a grocery store for wrongful death, alleging state law theories of recovery related to the dangerousness and addictive nature of cigarettes and the cigarette manufacturers' failure to warn.[31] In their first removal attempt, the cigarette manufacturers asserted diversity jurisdiction and argued that the

---

[26] R. Doc. 14-1.
[27] *Id.*
[28] *Id.*
[29] *Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263, 266 (5th Cir. 2001).
[30] *Id.* at 267-68.
[31] *Id.* at 264-65.

grocery store was fraudulently joined because § 82.004 of the Texas Products Liability precluded all claims against the store.[32] The district court rejected the argument and remanded the case.[33]

Thereafter, the Fifth Circuit decided a different case where the cigarette manufacturers were also defendants and held that §82.004 precluded all products liability claims arising from the use of tobacco unless the claimant met the statutory requirements of having begun using tobacco as a minor.[34] The *Green* defendants removed a second time, citing the *Sanchez* decision.[35]

In deciding *Green*, the Fifth Circuit relied on *Doe v. American Red Cross*, where the Third Circuit Court of Appeals interpreted a decision in another case as an "order" for purposes of §1446(b)(3) where the other case involved the same defendant and "tracked the factual scenario of the challenged removal" before it.[36] The Third Circuit in *Doe* made clear that the cases were "sufficiently related" because "the order in the [other] case came from a court superior in the same judicial hierarchy, was directed at a particular defendant and expressly authorized that same defendant to remove an action against it in another case involving similar facts and legal issues."[37] In *Green*, the Fifth Circuit explained that "[a]lthough *Sanchez* did not explicitly discuss removal, the effect of the decision in *Sanchez* has a similar effect on our case as the *S.G.* decision had on *American Red Cross*, i.e. that these defendants cannot be sued under Texas law."[38] The Fifth Circuit found *Sanchez* sufficiently similar to *Green* such that it qualified as an "order" under §1446(b) because the defendants were the same and the cases involved a similar factual situation

---

[32] *Id.* at 265.
[33] *Id.*
[34] *Sanchez v. Liggett & Myers, Inc.*, 187 F.3d 486, 490–91 (5th Cir. 1999).
[35] 274 F.3d at 265.
[36] 14 F.3d 196, 202 (3d Cir. 1993).
[37] *Id.* at 203.
[38] *Id.* at 268.

and a similar legal conclusion that §82.004 precluded most products liability actions related to cigarette use.[39] Thus, the Fifth Circuit held that removal was proper.[40]

This Court finds that all of the *Green* factors have been satisfied. Avondale was a defendant in the *Latiolais* case. Like this case, *Latiolais* involved the negligence claims of a former Avondale Employee alleging he was exposed to asbestos while working for Avondale on Navy vessels. Latiolais also involved the same issue as presented here, the removability of the Plaintiff's claims against Avondale under the federal officer removal statute. The Court's finding is supported by numerous cases in this district that have reached the same result. *See, e.g., Hulin v. Huntington Ingalls, Inc.*, No. CV 20-924, 2020 WL 3072187, at *2 (E.D. La. June 10, 2020); *Francis v. ITG Brands LLC*, No. CV 20-997, 2020 WL 2832538, at *3 (E.D. La. June 1, 2020); *Broussard v. Huntington Ingalls, Inc.*, No. CIV 20-836, ECF # 21, at 7 (May 27, 2020); *Bourgeois v. Huntington Ingalls Inc.*, No. CV 20-1002, 2020 WL 2488026, at *4 (E.D. La. May 14, 2020).

For these reasons, the Court finds Defendants timely removed this case to federal court and have asserted a federal defense that is not wholly insubstantial and frivolous. Thus, Defendants have sufficiently established the conditions for federal officer removal under Section 1442(a).

**IT IS ORDERED** that Plaintiffs' motion to remand[41] is DENIED.

New Orleans, Louisiana, this 31st day of March 2021.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

[39] *Id.*
[40] *Id.*
[41] R. Doc. 61.